NISI PRIUS REPORTS—NEW SERIES.    217

1903. ]    Sayler et al, Exrs., v. Standard Life & Accident Ins. Co.

## ACCIDENT INSURANCE POLICIES INCONTESTABLE EXCEPT FOR FRAUD AFTER THREE PAYMENTS.

[Superior Court of Cincinnati, Special Term].

SAYLER ET AL, EXECUTORS, v. THE STANDARD LIFE & ACCIDENT INSURANCE CO.

Decided, April 30, 1903.

*Insurance—Accident Insurance a Contract for Life Insurance, Limited to Specified Risks—Section 3626, R. S., Construed.*

Section 3626, Revised Statutes, providing that all policies issued on "the life of any person in this state" are incontestable, except for fraud, after three annual premiums have been received, is applicable alike to life insurance and to accident insurance companies.

DEMPSEY, J.

Section 3626, Rev. Stat., under the chapter "Life Insurance Companies," provides that "All companies after having received three annual premiums on any policy issued on the life of any person in this state, are estopped from defending upon any other ground than fraud, against any claim arising upon such policy by reason of any errors, omissions or misstatements of the assured in any application made by such assured on which the policy was issued, except as to age."

On the argument of this case, much effort was spent upon drawing a distinction between life insurance companies and so-called accident insurance companies, with reference to the applicability of this section. To my mind the determining words of this statute are these: "Any policy issued on the life of any person," and it makes no difference what kind of a company issues the policy, if it be issued on the life of a person.

A policy of insurance issued by a so-called accident insurance company, as applied to injuries resulting in death, is but a contract of life insurance, limited to specified risks—that it is a policy issued on the life of a person, but insuring against death from certain specified risks. See Kerr on Life Insurance, p. 5; *State v. Federal Insurance Co.,* 48 Minn., 110. The statute says: "Any policy issued on the life of any person;" the policies issued in this case were, within the definitions laid down above, issued on the

life of Stacy, and hence, under the comprehensive term "any" must be included within the provisions of Section 3626.

As to the collocation of the insurance statutes, it does not seem to me that that can alter the plain language of the section in its application to policies issued by accident companies.

In my judgment the demurrer to the reply ought to be overruled, and it is so ordered.

*C. D. Robertson,* for demurrer.
*John R. Sayler,* contra.